IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE
September 6, 2023 Session

## TERRY CASE v. WILMINGTON TRUST, N.A. ET AL.

**Appeal by Permission from the Court of Appeals
Chancery Court for Hamilton County
No. 20-0144  Jeffrey M. Atherton, Chancellor**

———————————————————————

**No. E2021-00378-SC-R11-CV**

———————————————————————

HOLLY KIRBY, C.J., concurring.

I concur in the majority's well-written opinion. I write separately only to clarify a point that is important but tangential to the Court's resolution of the issues presented. It relates to the majority's discussion of the Open Courts provision in our Constitution, Tenn. Const. art. I, § 17.

The body of the majority's analysis correctly characterizes the Open Courts provision as giving citizens the right to a remedy in the courts for injury in lands, goods, person, or reputation. For example, the majority quotes *Louisville & Nashville R.R. Co. v. Bate*, 80 Tenn. 573, 577 (1883) ("This Court has found that the open courts provision provides citizens 'the right to have all questions touching his life, liberty or property heard, passed upon, and determined by the regular and constitutional courts of the State,' and that 'such right is inalienable.'").  And it correctly describes the holding in *Barnes v. Kyle*, 306 S.W.2d 1, 3 (Tenn. 1957) ("[T]he Court [in *Barnes*] made it clear that the open courts provision guaranteed access to the courts and remedy only for injuries to legal rights cognizable under constitutional, statutory, or common law.").

But later, in summarizing the Open Courts provision, the majority inverts it. It states that "the open courts provision requires that a person asserting an injury to their land, goods, person, or reputation—i.e., private rights claims—allege an injury in law in order to have standing in court." Similarly, in summarizing its analysis of both the Open Courts provision and separation of powers, the majority states that "the open courts provision requires litigants to allege injury to a recognized legal right." In summarizing its holding, the majority cites the Open Courts provision for the proposition that "a plaintiff alleging a violation of a private right must assert injury to a cognizable legal right in order to have standing."

Respectfully, these summary statements turn the Open Courts provision on its head. The provision does not place standing requirements on citizen litigants. As can be seen by a reading of the text, the Open Courts provision places affirmative requirements on the *courts*, and it restrains others (such as legislators) who might seek to limit citizens' access to them. In short, it gives citizens rights, not restrictions:

> That all courts shall be open; and every man, for an injury done him in his lands, goods, person or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial, or delay.

Tenn. Const. art. I, § 17.

Text matters. By its plain text, article I, section 17 is a right and remedy clause, not a standing clause. William C. Koch, Jr., *Reopening Tennessee's Open Courts Clause: A Historical Reconsideration of Article I, Section 17 of the Tennessee Constitution*, 27 U. Mem. L. Rev. 333, 405 (1997) ("The 'open courts' clause guarantees that 'all courts shall be open.' The 'right to remedy' clause states that all persons 'shall have remedy by due course of law' for injuries to their lands, goods, person, or reputation."). The plain text does not speak to standing or limit the jurisdiction of the courts in any way.

Rather than limiting courts' jurisdiction, the remedy clause of the Open Courts provision says that, at minimum, the courts *must* afford a remedy to persons with an injury in lands, goods, person, or reputation, which the majority rightly construes as an injury at law. Koch, *supra*, at 419–20 ("Only constitutionally recognized injuries can trigger the constitutionally protected jural right of access to a legal remedy."). Nothing in it *prohibits* courts from giving access to citizens without such an injury. In other words, the remedy clause establishes a floor on what courts *must* do; it does not establish a ceiling on what courts *may* do.

The inversion reflected in the majority's summarizing statements—characterizing the Open Courts provision as "requir[ing] litigants to allege injury to a recognized legal right"—is inconsistent with how the provision has been understood. Koch, *supra*, at 341 ("[T]he early purpose of the open courts provision was to ensure that all persons would have access to justice through the courts."). It is also inconsistent with how this Court has previously described the effect of the remedy clause. *See, e.g.*, *State v. Bank of Tennessee*, 62 Tenn. 395, 403 (1874) ("By this provision every man has a right to resort to the Courts for the redress of all grievances as against individuals or corporations; and for this purpose it is required that the Courts shall be open…."). *See also* Koch, *supra*, at 427 ("Tenn. Const. art. I, S 17 has been used most frequently to establish a constitutional right to institute and prosecute civil actions.").

Sister states with a similar open courts provision have recognized this subtle but important distinction. *See, e.g.*, *Comm. to Elect Dan Forest v. Emps. Pol. Action Comm.*, 853 S.E.2d 698, 706 (N.C. 2021) (interpreting similar remedy clause in N.C. open courts constitutional provision) ("While the text of this provision does refer to 'injury,' the plain meaning of the provision prohibits the use of government power to *withhold* a remedy to an injured party; it does not appear on its face to limit the exercise of judicial power to any particular set of circumstances.").

I agree with the majority that our courts have declined to go beyond the floor established in the Open Courts provision, and that they have generally limited access to the courts to litigants who allege injury to a recognized legal right. *See, e.g.*, *Barnes*, 306 S.W.2d at 4 ("The constitutional guaranty providing for open courts and insuring a remedy for injuries . . . applies only to such injuries as constitute violations of established law.") (quoting 16A. C.J.S. Constitutional Law § 709c, p. 1214). But nothing in the Open Courts provision imposes that limitation.

This error in the majority's characterization of the Open Courts provision does not affect its resolution of the main issue on standing, namely, whether Mr. Case must show injury in fact in order to have standing. The majority holds he does not, and I agree.

But even though the error makes no difference in the outcome of this case, I have seen such errors perpetuate and cause later courts to veer off course. For that reason, I respectfully offer this caveat to the majority opinion.

_____
HOLLY KIRBY, CHIEF JUSTICE